# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

**Angela D. Fuerst,**

      *Plaintiff,*

v.

**Case No. 3:18-cv-316**
**Judge Thomas M. Rose**

**Heather Wilson, Secretary of the United States Air Force,**

      *Defendant.*

---

**ENTRY AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, ECF 4, AND TERMINATING CASE.**

---

Pending before the Court is Motion to Dismiss for Lack of Jurisdiction by Defendant Secretary of Air Force. ECF 4. Secretary of the Air Force, requests that the Court dismiss Plaintiff Angela D. Fuerst's claims of disability discrimination under the Rehabilitation Act of 1973 based on an alleged failure to provide reasonable accommodation during a December 2014 re-employment process; reprisal under the Whistleblower Protection Act of 1989 based on a November 24, 2014 termination; and an appeal of a Merit System Protection Board decision denying her petition for enforcement based on the Agency's alleged failure to implement the earlier decision.

## I. Background

Plaintiff Angela D. Fuerst began working for the United States Air Force in 2006 as a civilian employee. In 2009, she was injured in a fall at work. *Fuerst v. USAF*, No. CH-0752-15-

0187-I-1, 2017 WL 747767 (Feb. 22, 2017). She was disabled, but able to return to work part time in 2011. *Id.* In 2014, she was removed from her position after a determination that her ability to work only part-time was affecting her office's mission. *Id.* In December 2014, the Office of Workers' Compensation Programs determined that she was no longer disabled and denied her a restoration of benefits. See *Fuerst v. U.S. Air Force*, Nos. CH-0752-15-0187-I, CH-0353-15-0193-I-1, 2017 WL 747767 (M.S.P.B. Feb. 22, 2017).

Plaintiff filed two appeals with the MSPB challenging the removal and the denial of restoration. ECF 1. MSPB Administrative Judge Katherine Beaumont joined the two appeals for processing and conducted a hearing on the claims in November and December 2015. The combined appeal claimed that the USAF both discriminated against her on account of her disability and retaliated against her for engaging in protected activity. Judge Beaumont issued her initial decision on both appeals two years later on February 22, 2017. Id.

Judge Beaumont's Merits Decision affirmed the USAF's removal decision, but granted Plaintiff's restoration claim. Judge Beaumont ordered the USAF to place Plaintiff on its re-employment priority list for a two year period retroactive to December 18, 2014; to consider her for positions that became vacant during the period; and to appoint her to any position which she would have received if she had been properly placed on the list. Id. The February 22, 2017 Merits Decision became final on March 29, 2017. Plaintiff did not timely appeal the February 22, 2017 Merits Decision. See 5 U.S.C. § 7702(b)(2) (providing that mixed cases involving discrimination claims must be filed within 30 days after the MSPB decision becomes final). Instead, she filed a Notice of Appeal in the United States District Court for the Southern District of Ohio on May 24, 2017—56 days after the MSPB decision became final. See *Fuerst v. Dep't of the Air Force*, 3:17-

cv-184, 2018 WL 1587454 (S.D. Ohio Apr. 2, 2018) (Rice, J.). Plaintiff never filed a Complaint with the Court. Id. at *1.

On April 2, 2018, Judge Rice sustained a motion to dismiss for lack of subject matter jurisdiction by Defendant and dismissed the case without prejudice subject to refiling in a court of competent jurisdiction. Id. at *3. Judge Rice found that Plaintiff's mixed-case appeal was subject to the 5 U.S.C. § 7703(b)(2)'s thirty day statute of limitations and that her filing was untimely. He further found that the limitation period was a jurisdictional bar not subject to equitable doctrines such as excusable neglect. Id.

On June 26, 2017, approximately one month after filing her Notice of Appeal, Plaintiff filed a petition to enforce the February 22, 2017 Merits Decision with the MSPB. Plaintiff claimed that the Agency was not in compliance with the prior decision commanding the Agency to retroactively place Plaintiff on its re-employment priority list and consider her for past openings.

Plaintiff claimed that the Agency acted in bad faith by demurring placement in light of a hiring freeze; that the Agency acted in bad faith in the job placement by not giving Plaintiff sufficient time to respond to two offers while also not responding to her requests for reasonable accommodations; and that the Agency acted in bad faith during settlement negotiations. See *Fuerst v. Dep't of the Air Force*, CH-0353-15-0193-C-1, 2018 WL 3496994 (M.S.P.B. July 18, 2018), at PageID 16.

Administrative Judge Beaumont exercised jurisdiction over the petition for enforcement pursuant to 5 U.S.C. § 1204(a)(2). Id. at PageID 13. On July 18, 2018, she issued an initial enforcement decision that rejected Plaintiff's claims and found that the Agency had complied with her prior decision. Specifically, she found that "the Agency considered the appellant for vacant

positions arising between December 18, 2014 and December 18, 2016 within 45 days of the initial decision," that it "promptly and actively engaged in appointment discussions with the appellant during this time," and that the appellant's restoration rights were not prejudiced by any delay by the Agency. Id. at PageID 17. She further found that the Agency provided Plaintiff sufficient time to respond to two offers of employment and that Plaintiff had "not offered support for her position that she needed or requested a reasonable accommodation." Id. at PageID 24.

In denying the petition, the Administrative Judge also declined Plaintiff's invitation to re-litigate the underlying claims from her prior appeal and limited her decision to whether the Agency had complied with the earlier decision. See id. at PageID 22-23 ("This PFE is not a vehicle to re-litigate all claims from her prior appeal and certainly not all claims arising throughout the history of her employment with the agency.").

The Enforcement Decision became final on August 22, 2018, and Plaintiff filed her Complaint in this action thirty days later on September 21, 2018. Her Complaint appeals the July 18, 2018 decision denying her petition for enforcement and re-alleges her underlying discrimination, retaliation and wrongful termination claims. (See Cmplt., ECF 1, ¶1 (stating this is an action for wrongful discharge based on disability discrimination, denial of employment retention and restoration rights, reprisal and appeal of the enforcement decision).)

Plaintiff asserts three claims for relief: disability discrimination under the Rehabilitation Act of 1973 based on Defendant's alleged failure to provide reasonable accommodation during the December 2014 re-employment process; reprisal under the Whistleblower Protection Act of 1989 based on her November 24, 2014 termination; and an appeal of the MSPB decision denying her petition for enforcement based on the Agency's alleged failure to implement the earlier decision.

(Id. ¶¶31–45.)  Defendant has moved to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). ECF 4.

## II.     Standard

Federal Rule of Civil Procedure 12(b)(1) provides for a party to assert the defense of "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1).  "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004).  "A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading." *Gentek Bldg. Prods. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007).  In a challenge to the factual basis, however, the court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case ... no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 890-91 (3d Cir. 1977)).  Thus, while, "on a Rule 12(b)(1) challenge to subject matter jurisdiction, the court is empowered to resolve factual disputes." Id. (quoting *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986)).  Finally, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see also *Bauer v. RBX Indus. Inc*., 368 F.3d 569 (6th Cir. 2004).

## III.    Analysis

Defendant asserts subject matter jurisdiction does not exist in this Court for any of Plaintiff's claims. According to Defendant, her first two claims for disability discrimination and reprisal are barred by Judge Rice's prior ruling—and would be untimely if this Court were to reconsider them. Defendant further asserts that the third claim appealing the denial of her petition to enforce must be brought in the Federal Circuit Court of Appeals.

A. **Pre-February 22, 2017 Discrimination and Retaliation Claims**

Defendant asserts Plaintiff's first two claims, for disability discrimination and retaliatory removal, are blocked under the twin doctrines of collateral estoppel and res judicata because Judge Rice previously determined that jurisdiction over those claims does not exist in the United States District Court for the Southern District of Ohio.

> "*Res judicata* is often analyzed ... to consist of two preclusion concepts:
>
> > 'issue preclusion' and 'claim preclusion.'" *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 528 (6th Cir. 2006). As early as 1997 the Sixth Circuit bemoaned adhesion to Supreme Court teachings on this topic from the 1980s:
>
> [I]t might be useful, in view of the perennial confusion over the vocabulary and concepts of the law of preclusion, to restate the following exposition:
>
> The Supreme Court has noted:
>
> > [t]he preclusive effects of former adjudication are discussed in varying and, at times, seemingly conflicting terminology, attributable to the evolution of preclusion concepts over the years. These effects are referred to collectively by most commentators as the doctrine of "*res judicata*." *Res judicata* is often analyzed further to consist of two preclusion concepts: "issue preclusion" and "claim preclusion." Issue preclusion refers to the effect of a judgment in foreclosing re-litigation of a matter that has been litigated and decided. This effect also is referred to as direct or collateral estoppel. Claim preclusion refers to

> the effect of a judgment in foreclosing litigation of a matter
> that never has been litigated, because of a determination
> that it should have been advanced in an earlier suit. Claim
> preclusion therefore encompasses the law of merger and
> bar.
>
> *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 77
> n.1 (1984) (citations omitted). Some commentators and court
> decisions have used the term "*res judicata*" as being "virtually
> synonymous with 'claim preclusion.'" Ibid.
>
> In the proceedings attendant to these appeals, the parties and the
> district court appear to have adopted the position that "*res
> judicata*" is synonymous with "claim preclusion" and "collateral
> estoppel" is synonymous with "issue preclusion." At this stage of
> the litigation, we will not disturb this usage although we will,
> during the course of our discussion of the legal issues, use the
> terms "claim preclusion" and "issue preclusion." We also express
> our hope that future litigants, in the interests of precision and
> clarity, will formulate arguments which refer solely to issue or
> claim preclusion and which refrain from using the predecessors of
> those terms, whose meanings have become so convoluted.

*Barnes v. McDowell*, 848 F.2d 725, 728 n. 5 (6th Cir. 1988)(Boggs, J.); see also *Heyliger v. State Univ. & Cmty. Coll. Sys. of Tennessee*, 126 F.3d 849, 852 (6th Cir. 1997)(Boggs, J.)("The hope we expressed in *Barnes* was not realized in the arguments of the present parties, nor in the decision of the district court. We can only express the hope again.")

Under the doctrine of claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that were or could have been raised in that action." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 476 (1998)(brackets and internal quotation marks omitted). Claim preclusion applies when (1) there is a final decision on the merits in the first action by a court of competent jurisdiction; (2) the second action involves the same parties, or their privies, as the first; (3) the second action raises an issue actually litigated or which should have been litigated in the first action; and (4) there is an identity of claims between

7

the first and second actions. *Sanders Confectionery Prods., Inc. v. Heller Fin. Inc.*, 973 F.2d 474, 480 (6th Cir. 1992).

Judge Rice previously determined that jurisdiction over Plaintiff's claims for disability discrimination and retaliatory removal does not exist in the United States District Court for the Southern District of Ohio. Even if this Court re-examines the claims, it would reach the same conclusion as Judge Rice—the claims are not timely because Plaintiff failed to file a complaint within thirty days after the February 22, 2017 Merits Decision became final.

Here, Judge Rice already determined both that Plaintiff did not timely appeal the February 22, 2017 Merits Decision within the 30-day statute of limitations set forth in 5 U.S.C. § 7703(b)(2) and that the statute of limitations served as a jurisdictional bar to Plaintiff's claims. Accordingly, claim preclusion prevents Plaintiff from re-litigating whether this Court has jurisdiction to hear her pre-February 22, 2017 claims. The prior ruling bars both Plaintiff's first cause of action, based on her claim that Defendant did not properly engage in the re-employment process in December 2014, and her second cause of action, based on her claim that she was removed from her position in violation of the Whistleblower Act of 1989.

Even if the Court were to re-consider the issue of jurisdiction over those claims, it would reach the same conclusion Judge Rice did in his April 2018 decision. Plaintiff raised her whistleblower claims and her re-employment claims in her initial appeal to the MSPB, and the MSPB ruled on those issues then. A total of 541 days elapsed between March 29, 2017—when the Merits Decision became final—and September 21, 2018—when Plaintiff filed the present Complaint. This exceeds the 30 day jurisdictional window set forth in 5 U.S.C. § 7703(b)(2).

The July 18, 2018 Enforcement Decision does not provide Plaintiff a right to re-litigate her underlying claims. As Judge Beaumont explained in her decision, the petition for enforcement was limited to the question of whether the Agency had complied with her February 22, 2017 decision and was "not a vehicle to re-litigate all claims from her prior appeal and certainly not all claims arising throughout the history of her employment with the agency." *Fuerst*, 2018 WL 3496994, at PageID 23; accord *Ryan v. Dep't of Air Force*, 375 F. App'x 371, 373 (5th Cir. 2010) (holding plaintiff could not raise underlying discrimination claims in petition for enforcement where plaintiff did not appeal underlying decision on merits of discrimination claim). Accordingly, Plaintiff's current Complaint must be limited, at most, to her claim that Defendant failed to comply with the earlier MSPB decision.

**B.      Plaintiff's Enforcement Action Appeal**

Plaintiff's claim that the Agency did not properly implement the MSPB's February 22, 2017 Merits Decision is not properly before this Court. The United States Court of Appeals for the Federal Circuit has exclusive jurisdiction over most appeals from final MSPB decisions. 28 U.S.C. § 1295(a)(9). This includes jurisdiction over appeals from petitions to enforce prior MSPB decisions, which the Federal Circuit reviews under the "arbitrary and capricious" standard. See *Marshall v. Dep't of Health & Human Servs.*, 587 F.3d 1310, 1314 (Fed. Cir. 2009); see also 5 U.S.C. § 1204(a)(2) (authorizing the MSPB to order any federal agency or employee to comply with prior MSPB decisions). The Civil Service Reform Act of 1978, 5 U.S.C. § 1101 et seq., provides a limited exception to the Federal Circuit's exclusive jurisdiction: When a plaintiff brings a "mixed case" that case must be filed in a federal district court within 30 days of the MSPB decision becoming final. 5 U.S.C. § 7703(b)(2). To qualify as a mixed case, two conditions must

9

be met: the plaintiff must allege discrimination in violation of a federal statute and she must allege that she was subject to an adverse personnel action appealable to the MSPB. See 5 U.S.C. § 7702(a)(1); *Kloeckner v. Solis*, 568 U.S. 41, 43 (2012).

Adverse personnel actions that can form the basis for a "mixed case" are limited to those particularly serious actions set forth in 5 U.S.C. § 7512, including: removal, suspension for more than 14 days, reduction in grade; reduction in pay; and a furlough of 30 days or less. See *Kloeckner*, 568 U.S. at 44; *Jackson v. Roche*, Nos. 7-08-cv-0133; 7:02-cv-011, 2008 WL 2579688, at *4 (N.D. Tex. June 27, 2008). Those adverse personnel actions are appealable to the MSPB pursuant to the grant of power contained in 5 U.S.C. § 1204(a)(1). See *Oja v. Dep't of Army*, 405 F.3d 1349, 1355 (Fed. Cir. 2005). Petitions to enforce prior MSPB decisions, which are authorized by § 1204(a)(2), do not qualify as appeals of adverse personnel actions and cannot form the basis of a mixed case under 5 U.S.C. § 7702. See *Oja*, 405 F.3d at 1355 (holding that petitions to enforce under 5 U.S.C. § 1204(a)(2) do not give rise to mixed case status); see also *Jackson*, 2008 WL 2579688, at *4. Rather, those cases must be brought in the Federal Circuit pursuant to 5 U.S.C. § 7703(b)(1). This is true even where the petition to enforce raises claims of unlawful discrimination. See *Oja*, 405 F.3d at 1355; *Jackson*, 2008 WL 2579688, at *4.

Plaintiff is limited to appealing the MSPB's decision denying her petition to enforce and is not appealing any adverse personnel action. Because a petition to enforce is not an appeal of an adverse personnel action, the Administrative Judge exercised jurisdiction over the petition to enforce pursuant to 5 U.S.C. § 1204(a)(2), and this appeal does not qualify as a mixed case. See *Oja*, 405 F.3d at 1355. As such, the case must be brought in the Federal Circuit, and this Court

should dismiss the case without prejudice for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

Plaintiff is correct that when a complaint presents a mixed case, and the MSPB dismisses it, the employee must resort to the Federal Circuit for review of any civil-service issue, but reserves claims under federal antidiscrimination law for adjudication in district court. If the MSPB dismisses a mixed case on the merits, review authority lies in district court, not in the Federal Circuit. *Perry v. Merit Sys. Prot. Bd.*, 137 S. Ct. 1975, 1979, 198 L. Ed. 2d 527 (2017). However, "a claim of discrimination contained in a petition to enforce a settlement agreement does not give rise to mixed case status." See *King v. Reid*, 59 F.3d 1215, 1219 (Fed. Cir. 1995). This is so because a breach by the agency is not an action appealable to the Board pursuant to 5 U.S.C. § 1204(a)(1) and is therefore not an action described in 5 U.S.C. § 7702(a)(1)(A) as that needed to support a mixed case. Id. at 1218. *Oja v. Dep't of Army*, 405 F.3d 1349, 1355 (Fed. Cir. 2005).

Plaintiff is limited to appealing the MSPB's decision denying her petition to enforce. Because the petition to enforce was not an appeal of an adverse personnel action, the Administrative Judge exercised jurisdiction over the petition to enforce pursuant to 5 U.S.C. § 1204(a)(2), and this appeal does not qualify as a mixed case. See *Oja*, 405 F.3d at 1355. As such, the case must be brought in the Federal Circuit, and the Court will dismiss the case without prejudice for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

Plaintiff protests that she conformed with the language included at the end of the Enforcement Decision:

> This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision- including a

> disposition of your discrimination claims- by filing a civil action with an appropriate U.S. District Court (not the U.S. Court of Appeals for the Federal Circuit), within 30 calendar days after this decision becomes final.

ECF 1-1, at 18.

This language tracks the statutory language of 5 U.S.C. §§ 7702-03. It provides that, as a general rule, an appellant seeking judicial review must file a petition for review with the United States Court of Appeals for the Federal Circuit. , 2018 WL 3496994; Cmplt., ECF No. 1, at PageID 29. It further provides that, as a limited exception, an appellant may seek review in a United States district court, "only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination." Id. at PageID 30. Because Plaintiff is only appealing a denial of her Petition to Enforce, and is not seeking review of an action that is appealable to the MSPB, this exception does not apply to her.

Moreover, boilerplate language in an administrative decision cannot create a right to judicial review or confer subject matter jurisdiction that is not authorized by statute. See, e.g., *Kaplan v. James*, 25 F.Supp.3d 835, 841 (E.D. Va. 2014) (noting that "to the extent that Plaintiff relies on the statements in the EEOC letter regarding her appellate rights, boilerplate statements in an agency decision cannot waive sovereign immunity and confer jurisdiction to this Court."); see also *United States v. N.Y. Rayon Importing Co.*, 329 U.S. 654, 660 (1947) ("It has long been settled that officers of the United States possess no power through their actions to waive an immunity of the United States or to confer jurisdiction on a court in the absence of some express provision by Congress.").

**IV. Conclusion**

Because Plaintiff's discrimination and retaliation charges are both precluded and time-barred and because any challenge to the denial of Plaintiff's petition to enforce lies with the United States Court of Appeals for the Federal Circuit, Motion to Dismiss for Lack of Jurisdiction by Defendant Secretary of Air Force, ECF 4, is **GRANTED.**

The Clerk is **ORDERED TO TERMINATE** the captioned case upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton. **DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, September 25, 2019.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE